A. R. Henderson, Appellee, v. Chicago, Rock Island & Pacific Railway Company, Appellant.

Trespass: VERDICT: EXCESSIVE DAMAGES. In an action to recover damages for an alleged trespass upon certain lands the jury found that the defendant had without authority taken possession of one-twelfth of an acre of the plaintiff's lands of the value of fifty dollars per acre, that no damage had been done to the land itself, and that the plaintiff was not entitled to recover anything for restoring the soil, but allowed the plaintiff the sum of fifty dollars as the rental value of the land occupied by the defendant for four and one-half years. *Held,* that the verdict was excessive.

*Appeal from Appanoose District Court.*—Hon. H. C. Traverse, Judge.

Tuesday, June 2, 1891.

This is an action to recover damages for an alleged trespass upon certain land, the property of the defendant. There was a trial by jury, resulting in a verdict and judgment for plaintiff. The defendant appeals. *Reversed.*

*Thos. S. Wright* and *Tannehill, Vermillion & Vermillion,* for appellant.

*G. D. Porter,* for appellee.

Rothrock, J.—This appeal involves a small amount of money, and, considering the amount in controversy alone, it is of very little significance. We are required, however, to give the question involved the same consideration that is accorded to cases of more consequence to the parties. The plaintiff is the owner of certain land in the vicinity of the city of Centerville. The defendant owns and operates a line of railroad running on or near the line of the plaintiff's land. The

plaintiff leased part of his land to a coal company,
which company was engaged in mining coal. In 1875
or 1876 the defendant, without any express permission
from the plaintiff, entered upon his land, and laid
down a spur track to a bank of coal slack, for the
purpose of removing the slack, which was deposited
on the plaintiff's land with his consent. This track
remained upon the plaintiff's land until some time in
the spring of 1889, when the defendant removed it.
This action was commenced on the twenty-seventh day
of August, 1889. There is not much question, from
the facts disclosed in evidence, but that the plaintiff is
entitled to recover for the use and occupation of his
land for the period of five years previous to the com-
mencement of the action. This would embrace about
four years and six months. A number of questions
are discussed by counsel for the appellant, touching
the right to maintain any action, because of the
claimed assent of the plaintiff to the use of the land by
the defendant. We think that the evidence did not
demand a finding that the possession was by reason of
a license by the plaintiff, and we think the court prop-
erly instructed the jury that the plaintiff was entitled
to recover the fair rental value of the land for the five
years next preceding the commencement of the suit.
But the defendant claims that the verdict of the jury is
excessive, and, as we think the claim is well founded, it
is necessary that we should give that question some
consideration; and to demonstrate the conclusion we
reach, it is only necessary to set out the findings of the
jury upon certain special interrogatories, and briefly
consider certain evidence in explanation of these
findings. The special interrogatories and answers
thereto are as follows:

"*First.* How much of the plaintiff's land did
defendant take possession of, if any? *A.* About one-
twelfth of an acre.

" *Second.* When did the defendant take possession of said land?  *A.* In 1875 or 1876.

" *Third.* How much damage, if any, do you allow for damage to the land that accrued more than five years next before the commencement of this suit?  *A.* Not anything.

"*Fourth.* How much damage do you allow, if any, for rental value that accrued more than five years before the commencement of this suit?  *A.* Not any.

" *Fifth.* How much damage do you allow, if any, for injury done to the land itself within five years next before the commencement of this suit?  *A.* Not any.

"*Sixth.* How much do you allow, if any, for rental value of the land in question during the five years next before the commencement of this suit?  *A.* Fifty dollars ($50).

"*Seventh.* How much do you find the value of said land now in question was per acre at the time defendant put down its track on it?  *A.* We have no evidence in the case to go by.

" *Eighth.* What do you find the value of said land was last spring per acre?  *A.* Fifty dollars ($50).

"*Ninth.* Do you allow anything for moving the dirt that came out of air shaft?  If so, how much?  *A.* Not anything.

" *Tenth.* Do you allow anything for restoring soil? If so, how much?  *A.* Not anything.

"*Eleventh.* Did the plaintiff know that the track in question was being put in at or about the time it was put in?  *A.* He did not until about the time the track was finished.

" *Twelfth.* Did he object to the track being laid on his land?  If so, when?  *A.* He did not.

The following is propounded by the court:  " Did the defendant, through his servants, agents or employes, take possession of said strip of land without

the knowledge or consent of the plaintiff? *A.* Yes, they did."

A claim was made by the plaintiff that the land itself was injured by digging up the soil, and by depositing cinders thereon. There was a conflict in the evidence on these questions, and it will be observed that the jury in estimating the damages entirely excluded them from their consideration. The verdict of fifty dollars is founded exclusively on the rental value of one-twelfth of an acre of land, which is of the value of fifty dollars an acre, for a period of about four years and a half. There is no claim or pretense that any land of the plaintiff, other than the one-twelfth of an acre, was in any way affected or damaged by any act of the defendant. Upon the basis of the finding of the jury, if the defendant had occupied one acre, the rental value for the same time would have been twelve times the amount of the verdict, and the plaintiff would have recovered six hundred dollars for the use of an acre of his land for four years and a half. It is scarcely necessary to say that there is no competent evidence in the case which authorizes any such a verdict as the jury found. There is no evidence that the land had any peculiar adaption to any special use. It is true it is near the city of Centerville, and no doubt is worth fifty dollars per acre, as the jury found; but that is no reason why its rental value should be placed at the rate of more than one hundred and fifty dollars an acre.

The judgment of the district court is REVERSED.